IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN BOWMAN,
     Plaintiff,

vs.                                   Case No. 3:03cv568/RV/EMT

JAMES R. CROSBY, et al.,
     Defendants.
_____/

**REPORT AND RECOMMENDATION**

     Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  His second amended complaint (Doc. 29) is presently under review by the undersigned.  Also pending is Plaintiff's pleading entitled "Protective Management Order Requires to Elizabeth M. Timothy" (Doc. 28), which this Court construes as a motion for preliminary injunctive relief.  This pleading, like many others filed by Plaintiff, is difficult to decipher because of illegible handwriting. Although Plaintiff has previously been warned that illegible pleadings may be returned to him (*see* Doc. 8 at 4; *see also* Docs. 21, 23), this Court has accepted the instant pleading and has been able to discern, generally, the substance of Plaintiff's motion.  Plaintiff seeks injunctive relief against Sergeant Germaine, Captain Dicks, and Lieutenant Gelow, and requests that they be "removed and assigned away from working around prisoners," assigned to work at another prison, and that they "leave [Plaintiff's] legal documents alone" (Doc. 28 at 3).

     The grant or denial of preliminary injunctive relief rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  The district court, however, must exercise its discretion in light of whether:

1.      There is a substantial likelihood that plaintiff will prevail on the merits;

2.      There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3.      The threatened injury to plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4.      The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citing cases)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements."  CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).  Injunctions should be granted for definite, future injuries, not conjectural ones.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).  This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995) (court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party);  *see also* Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court not authorized to grant injunctive relief against non-parties).

In the instant case, Plaintiff alleges Sergeant Germaine attempted to search his cell on November 27, 2004 and became angry when Plaintiff asked to speak with the officer in charge (Doc. 28 at 1).  Plaintiff states Germaine removed him from his cell to speak with Captain Dicks and

Lieutenant Gelow (*id.*).  Plaintiff informed Dicks and Gelow that he is a Hebrew Yisraelite jew (*id.*).  Dicks and Gelow laughed at him and stated they "don't like niggers or jews, especially a nigger jew" (*id.*).  Captain Dicks then threatened to gas Plaintiff (*id.*).  Plaintiff was placed in the shower and then a strip cell (*id.*).  The next day, Plaintiff advised Germaine he had a legal deadline.  Dicks then told Plaintiff he was going to administer gas and advised Plaintiff to cover his legal material.  Dicks and Germaine sprayed two, four-second bursts of pepper spray in Plaintiff's cell.  Plaintiff states Dicks, Germaine and Gelow were "sent" by Defendants Petrovsky, Haskin and Booker to retaliate against him.  Plaintiff alleges that the search on November 27th was conducted to deprive him of his legal material.

Initially, Sergeant Germaine, Captain Dicks, and Lieutenant Gelow are not parties to the underlying action,[1] therefore, preliminary injunctive relief against them is not authorized.  Furthermore, to the extent Plaintiff alleges Defendants Petrovsky, Haskin and Booker sent Germaine, Dicks and Gelow to deprive Plaintiff of his legal material in retaliation for filing lawsuits, he has failed to demonstrate that there exists a substantial threat he will suffer irreparable injury if the injunction is not granted.  Indeed, Plaintiff admits he possessed his legal materials the day after the search.  Moreover, upon preliminary review of Plaintiff's second amended complaint (Doc. 29), the undersigned has determined that it fails to present an actionable claim and Plaintiff will be directed to file a third amended complaint.  Thus, Plaintiff fails to meet another prerequisite for injunctive relief; namely, a substantial likelihood of success on the merits.  Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 28) be **DENIED**.

---

[1]Named as Defendants in Plaintiff's complaint are James Crosby, Thomas Hamilton, Orlester Dickens, Charles Shockley, R. Castle, J. Petrovsky, A. Haskin, M. Booker, L. Griffis, Chaplain Jones and Chaplain Gray (*see* Doc. 29 at 1).

At Pensacola, Florida this 26th day of May, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**